UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

THADDEUS J.[1],                                )
                                               )
      Plaintiff,                       )
                                               )
  v.                                         )      CIVIL NO.  2:20cv50
                                               )
ANDREW SAUL,                                   )
Commissioner of Social Security,               )
                                               )
      Defendant.                       )

OPINION AND ORDER

This matter is before the court for judicial review of a final decision of the defendant

Commissioner of Social Security Administration denying Plaintiff's application for Supplemental

Security Income (SSI), as provided for in the Social Security Act. 42 U.S.C. § 423(a), §

1382c(a)(3).  Section 405(g) of the Act provides, inter alia, "[a]s part of his answer, the

[Commissioner] shall file a certified copy of the transcript of the record including the evidence

upon which the findings and decision complained of are based.  The court shall have the power to

enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or

reversing the decision of the [Commissioner], with or without remanding the case for a

rehearing."  It also provides, "[t]he findings of the [Commissioner] as to any fact, if supported by

substantial evidence, shall be conclusive. . . ."  42 U.S.C. §405(g).

The law provides that an applicant for disability insurance benefits must establish an

"inability to engage in any substantial gainful activity by reason of any medically determinable

physical or mental impairment which can be expected to last for a continuous period of not less

than 12 months. . . ."  42 U.S.C. §416(i)(1); 42 U.S.C. §423(d)(1)(A).  A physical or mental

---

[1]  To protect privacy, Plaintiff's full name will not be used in this Order.

impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §423(d)(3).  It is not enough for a plaintiff to establish that an impairment exists.  It must be shown that the impairment is severe enough to preclude the plaintiff from engaging in substantial gainful activity.  *Gotshaw v. Ribicoff*, 307 F.2d 840 (7th Cir. 1962), cert. denied, 372 U.S. 945 (1963); *Garcia v. Califano*, 463 F.Supp. 1098 (N.D.Ill. 1979).  It is well established that the burden of proving entitlement to disability insurance benefits is on the plaintiff. *See Jeralds v. Richardson*, 445 F.2d 36 (7th Cir. 1971); *Kutchman v. Cohen*, 425 F.2d 20 (7th Cir. 1970).

Given the foregoing framework, "[t]he question before [this court] is whether the record as a whole contains substantial evidence to support the [Commissioner's] findings." *Garfield v. Schweiker*, 732 F.2d 605, 607 (7th Cir. 1984) citing *Whitney v. Schweiker*, 695 F.2d 784, 786 (7th Cir. 1982); 42 U.S.C. §405(g).  "Substantial evidence is defined as 'more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rhoderick v. Heckler*, 737 F.2d 714, 715 (7th Cir. 1984) quoting *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1410, 1427 (1971); *see Allen v. Weinberger*, 552 F.2d 781, 784 (7th Cir. 1977).  "If the record contains such support [it] must [be] affirmed, 42 U.S.C. §405(g), unless there has been an error of law." *Garfield*, *supra* at 607; *see also Schnoll v. Harris*, 636 F.2d 1146, 1150 (7th Cir. 1980).

In the present matter, after consideration of the entire record, the Administrative Law Judge ("ALJ") made the following findings:

    1.    The claimant has not engaged in substantial gainful activity since June 4, 2014, the

application date (20 CFR 416,971 *et seq*.).

2.    The claimant has the following severe impairments: major depressive disorder and anxiety (20 CFR416.920(c)).

3.    The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).

4.    After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: can understand, remember and carry out simple tasks.  The claimant can relate on at least a superficial basis, with occasional interaction with supervisors, coworkers and the public, and no teamwork type of tasks with coworkers.  The claimant can attend to tasks for sufficient periods of time to complete simple tasks.  The claimant can handle low stress work, which is defined as work involving routine, repetitive tasks, simple decision making, and no fast paced production requirements.

5.    The claimant has no past relevant work.  (20 CFR 416.965).

6.    The claimant was born on January 11, 1962 and was 52 years old, which is defined as an individual closely approaching advanced age, on the date the application was filed.  He is now an individual of advanced age (20 CFR 416.963).

7.    The claimant has at least a high school education and is able to communicate in English (20 CFR 416.964).

8.    Transferability of job skills is not an issue because the claimant does not have past relevant work (20 CFR 416.968).

9.    Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969 and 416.969(a)).

10.   The claimant has not been under a disability, as defined in the Social Security Act, since June 4, 2014, the date the application was filed (20 CFR 416.920(g)).

(Tr. 1356-1368).

Based upon these findings, the ALJ determined that Plaintiff was not entitled to disability

benefits. The ALJ's decision became the final agency decision when the Appeals Council denied

review.  This appeal followed.

Plaintiff filed his opening brief on July 1, 2020.  On August 12, 2020, the defendant filed a memorandum in support of the Commissioner's decision, to which Plaintiff replied on August 28, 2020. Upon full review of the record in this cause, this court is of the view that the ALJ's decision must be remanded for an award of benefits.

A five-step test has been established to determine whether a claimant is disabled. *See Singleton v. Bowen*, 841 F.2d 710, 711 (7th Cir. 1988); *Bowen v. Yuckert*, 107 S.Ct. 2287, 2290-91 (1987).  The United States Court of Appeals for the Seventh Circuit has summarized that test as follows:

> The following steps are addressed in order:  (1)  Is the claimant presently unemployed?  (2)  Is the claimant's impairment "severe"? (3)  Does the impairment meet or exceed one of a list of specific impairments?  (4)  Is the claimant unable to perform his or her former occupation?  (5)  Is the claimant unable to perform any other work within the economy?  An affirmative answer leads either to the next step or, on steps 3 and 5, to a finding that the claimant is disabled.  A negative answer at any point, other than step 3, stops the inquiry and leads to a determination that the claimant is not disabled.

*Nelson v. Bowen*, 855 F.2d 503, 504 n.2 (7th Cir. 1988); *Zalewski v. Heckler*, 760 F.2d 160, 162 n.2 (7th Cir. 1985); accord *Halvorsen v. Heckler*, 743 F.2d 1221 (7th Cir. 1984).  From the nature of the ALJ's decision to deny benefits, it is clear that step five was the determinative inquiry.

Plaintiff applied for SSI on June 4, 2014, alleging disability beginning October 1, 2013. (AR 10). Plaintiff's claims were denied initially on September 4, 2014 and upon reconsideration on January 29, 2015. (AR 10.) He had a hearing before ALJ Karen Sayon on October 20, 2016. (AR 10.) ALJ Sayon issued an unfavorable decision on February 8, 2017. (AR 19.) Plaintiff's appeal was denied by the Appeals Council on July 7, 2017, rendering the ALJ's decision as a final

decision of the Commissioner. (AR 1.) Plaintiff then appealed to this Court, which remanded the case for further proceedings on January 25, 2019[2], (AR 943.) The Appeals Council then sent the case back to an ALJ for a new hearing on March 25, 2019. (AR 946-48.) That new hearing was held on September 27, 2019 before ALJ Sayon, who issued an unfavorable decision on October 9, 2019.  Pursuant to 42 U.S.C. § 1383(c), Plaintiff filed this instant action.

Plaintiff suffers from severe major depressive disorder and anxiety. Treating psychiatrist Dr. Varghese filled out a mental medical source statement on October 18, 2016. (AR 870-75.) He noted that he had treated Plaintiff from March 2014 through June 2016. (AR 870.) Dr. Varghese diagnosed major depressive disorder and not otherwise specified anxiety disorder. (AR 870.) Plaintiff had a guarded prognosis and had the following symptoms: decreased energy, generalized persistent anxiety, mood disturbance, psychomotor agitation or retardation, and emotional withdrawal or isolation. (AR 871.) He had serious limitations in remembering work-like procedures, maintaining attention for two hours, maintaining regular attendance, sustaining an ordinary routine without special supervision, working in proximity to others without being unduly distracted, completing a normal workday without interruptions from psychologically-based symptoms, performing at a consistent pace without an unreasonable number and length of rest periods, accepting instructions and responding appropriately to criticism from supervisors, getting along with co-workers, responding appropriately to changes in a routine work setting, dealing with normal work stress, and being aware of normal hazards and taking appropriate precautions. (AR 872.)

---

[2]  2:17cv363, Opinion and Order by Magistrate Judge John E. Martin, entered January 25, 2019.  [DE 18].

He similarly had serious limitations in understanding, remembering, and carrying out detailed instructions, setting realistic goals and making plans independently of others, and dealing with the stress of semi-skilled and skilled work. (AR 873.) Complexity, making decisions, completing tasks, working with others, dealing with the public, and dealing with supervisors were all demands of work which Plaintiff found stressful. (AR 874.) Dr. Varghese opined that Plaintiff would be absent for more than four days per month due to his impairments. (AR 874.)

At the initial level, non-examining State agency reviewing doctor Benetta E. Johnson, Ph.D. opined on August 5, 2014 that Plaintiff had severe affective and anxiety disorders and non-severe spine disorders and had mild limitations in his activities of daily living as well as moderate limitations in maintaining social functioning and maintaining concentration, persistence, or pace. (AR 66-67.) Dr. Johnson opined that Plaintiff's statements about the intensity, persistence, and functionally limiting effects of his symptoms were substantiated by the objective medical evidence alone and noted his moderate limits in maintaining concentration and attention for extended periods and completing a normal workday and workweek without interruptions and performing at a consistent pace without an unreasonable number of rest periods. (AR 67-69.) Dr. Johnson opined that Plaintiff could understand, remember, and carry out simple tasks. (AR 69.) He could relate on at least a superficial basis. (AR 69.) He could attend to tasks for sufficient periods of time to complete simple tasks and could manage light stresses involved in work-related tasks. (AR 69.) He could manage unskilled tasks, simple, with limited, demand, pressure, and complexity. (AR 69.) He could handle familiar tasks with limited work hassle and pace restrictions. (AR 69.) J. Gange, Ph.D affirmed that opinion at the reconsideration level on January 28, 2015. (AR 77-80.)

6

In support of remand, Plaintiff argues that the ALJ violated the law of the case doctrine. In its remand order, this Court instructed the ALJ to consider Dr. Varghese's opinion in the manner prescribed by the pertinent regulation, 20 CFR Sec.416.927(c)[3]. The Court identified numerous portions of the ALJ's prior decision which did not comport with that regulation or relevant precedent, and concluded that the ALJ did not provide a sound explanation for rejecting Dr. Varghese's opinion based on the required factors. (AR 937-40, 943.) Plaintiff argues that, in the most recent decision, the ALJ repeated many of the findings from the prior decision which this Court concluded were improperly or insufficiently analyzed and then added additional unsound reasoning to her evaluation of Dr. Varghese's opinion.

The law of the case doctrine holds that an administrative agency is bound on remand to apply the legal principles laid down by the reviewing court. *FCC v. Pottsville Broadcasting Co.*, 309 U.S. 134, 145 (1940). In a Social Security case, the Supreme Court held that "[d]eviation from the court's remand order in the subsequent administrative proceedings is itself legal error, subject to reversal on further judicial review." *Sullivan v. Hudson*, 490 U.S. 877, 886 (1989).

Plaintiff contends that, in the most recent decision, the ALJ did not go through the requisite 20 C.F.R. Sec. 416.927(c) factors, but merely found that Dr. Varghese's opinion was inconsistent with certain evidence in the record. The ALJ stated that Dr. Varghese's opinion (1) was not supported by treatment notes; (2) was contradicted by the fact that Plaintiff had been on

---

[3] The Court stated: "On remand, the ALJ is directed to fully incorporate Plaintiff's difficulties in concentration, persistence and pace into the RFC, to consider the treating physician's opinion in the manner described in 20 C.F.R. [416.927(c)], to fully consider the evidence of Plaintiff's physical limitations, and to explain the basis for his or her evaluation of Plaintiff's subjective complaints, as prescribed by Social Security Ruling 16-3p." Opinion and Order at 11.

the same medications for years; (3) cited certain subjective allegations made by Plaintiff; (4) was

based upon brief and infrequent visits and that hospitalization or therapy were not recommended;

(5) was based upon situational stressors Plaintiff complained of; and (6) was inconsistent with

Plaintiff's ability to volunteer at a food pantry.

Plaintiff argues that the ALJ did not explain if/how she considered that Dr. Varghese was a

treating specialist, the length of his treating relationship with Plaintiff, or the supportability of Dr.

Varghese's opinion. 20 C.F.R. Sec. 416.927(c); *Wilder v. Chater*, 64 F.3d 335, 337 (7th Cir.

1995) ("Severe depression is not the blues. It is a mental illness; and health professionals, in

particular psychiatrists, not lawyers or judges, are the experts on it"). Thus Plaintiff concludes that

the ALJ failed to comport with this Court's clear order that she provide a sound explanation for

why she rejected that opinion based upon the required factors. (AR 943); *Sullivan*, 490 U.S. at

886; *Punzio v. Astrue*, 630 F.3d 704, 710 (7th Cir. 2011) (ALJs must give "sound explanation" for

declining to give controlling weight to the opinion of a treating physician). Plaintiff contends that

the ALJ's specific reasons for not assigning the opinion significant or controlling weight were not

a "sound explanation" as required by this Court in accord with the relevant factors and Seventh

Circuit precedent, and in multiple instances violated the law of the case doctrine. *See* 20 C.F.R.

Sec. 416.927(c); *Punzio*, 630 F.3d at 710.

In discounting Dr. Varghese's opinion, the ALJ first claimed there was a lack of abnormal

findings in Dr. Varghese's treatment notes. However, this Court previously noted that the

symptoms related by Dr. Varghese in his opinion—including decreased energy, generalized

persistent anxiety, mood disturbance, psychomotor agitation or retardation, and emotional

withdrawal/isolation—comported with his previous treatment notes indicating that Plaintiff

suffered psychomotor restlessness, stressed or depressed mood, and constricted affect. (AR 939.)
Additional treatment notes show similar abnormal mental status findings and that on at least two
occasions Plaintiff was accompanied by a case manager to sessions with Dr. Varghese. (AR 332,
334, 360-61, 457-66, 1159, 1161, 1163, 1165, 1167-69.)  Plaintiff's need for a case manager and
problems handling even basic interpersonal interactions and daily tasks without being
overwhelmed or exhibiting inappropriate behavior also support the limitations set forth in Dr.
Varghese's opinion. (AR 340, 350-58, 368, 373-75, 387, 411-18, 530, 616, 713, 754, 779,
1175-97, 1204-23, 1234-63, 1268-1349.)

Plaintiff argues that the ALJ's conclusion that Dr. Varghese's opinion was not supported
by abnormal findings in his treatment notes was against the weight of the evidence contained in the
record. *See Kaminski v. Berryhill*, 894 F.3d 870, 875 (7th Cir. 2018) (remanding where the ALJ
relied on his own interpretation of the claimant's MRIs: "the relevant expert on this issue is not the
judge but Dr. Cristea, the neurologist who had treated Kaminski for years"); *Lambert v. Berryhill*,
896 F.3d 768, 776 (7th Cir. 2018); *Scrogham v. Colvin*, 765 F.3d 685, 698 (7th Cir. 2014)
(remanding where the ALJ identified pieces of evidence in the record that supported her
conclusion that  Scrogham was not disabled, but she ignored related evidence that undermined her
conclusion); *Punzio*, 630 F.3d at 710; *Wilder*, 64 F.3d at 337.

Plaintiff further argues that the ALJ erred by failing to explain why these abnormal findings
did not support Dr. Varghese's opinion, as was the case in the first ALJ decision as well. (AR
939-40); *See* 20 C.F.R. Sec. 416.927(c)(3) ("the more a medical source presents relevant evidence
to support a medical opinion, particularly medical signs and laboratory findings, the more weight
we will give that medical opinion"); *Punzio*, 630 F.3d at 710. Disturbingly, the ALJ relied on the

same improper reason for discounting Dr. Varghese's opinion which this Court already held was not a satisfactory explanation.

The ALJ also improperly found that Dr. Varghese's opinion was not entitled to controlling weight because that doctor had prescribed the same medications for years.  This Court addressed this issue in its remand order, as the ALJ made the same error in the prior decision. (AR 940.) This Court noted that prescribing the same medication over time was not inconsistent with Dr. Varghese's opinion, because consistent treatment with strong drugs can evince the severity of an underlying condition. (AR 940). *Scrogham*, 765 F.3d at 698 (willingness to take strong drugs and willingness of doctor to prescribe them reflects that claimant's symptoms caused real problems). This Court was concerned that by assuming the opposite conclusion, the ALJ substituted her judgment for that of a treating specialist. (AR 940); *Wilder*, 64 F.3d at 337. In the most recent ALJ decision, the notion that Dr. Varghese needed to experiment with different medications for his opinion to be supported by and consistent with the record clearly amounts to improper medical speculation and substitution of the ALJ's judgment for that of a treating psychiatrist. *Myles v. Astrue*, 582 F.3d 672, 677 (7th Cir. 2009) ("common sense can mislead; lay intuitions about medical phenomena are often wrong"); *White ex rel. Smith v. Apfel*, 167 F.3d 369, 375 (7th Cir. 1999) ("Speculation is, of course, no substitute for evidence, and a decision based on speculation is not supported by substantial evidence").

The ALJ also speculated that Dr. Varghese relied solely on Plaintiff's subjective impairments instead of on objective findings.  Once more, this Court has already addressed this issue, as the ALJ made basically the same finding in her first decision.  This Court explained then that, particularly in a psychiatric context, subjective complaints are a legitimate basis for a medical

10

opinion. (AR 939);  *Price v. Colvin*, 794 F.3d 836, 840 (7th Cir. 2015) (psychiatric assessments are normally based primarily on what the patient tells the psychiatrist). The ALJ in the most recent decision repeated a mistake which this Court clearly and unequivocally identified as erroneous.  In any event, the aforementioned abnormal findings contained in Dr. Varghese's treatment notes contradict the ALJ's conclusion that Dr. Varghese relied on subjective complaints rather than objective abnormalities. *See Scrogham*, 765 F.3d at 698.

The ALJ next noted that Dr. Varghese did not recommend therapy or hospitalization and that he had only seen Plaintiff every three to four months as of late, and thus concluded that Dr. Varghese's opinion was not supported. Again, this clearly amounts to medical speculation. The ALJ cited no evidence that therapy or hospitalization were necessary and identified no evidence that, for Dr. Varghese's opinion to be valid, Plaintiff required more frequent appointments. *See White ex rel. Smith*, 167 F.3d at 375; *Wilder*, 64 F.3d at 337. Further, the record shows that Plaintiff  received extensive, ongoing help from a case manager with many facets of his life. (AR 340, 350-58, 368, 373-75, 387, 411-18, 530, 616, 713, 754, 779, 1175-97, 1204-23, 1234-63, 1268-1349.) In any event, Social Security Regulations do not require hospitalization for a severe mental impairment to be found to be a disabling condition. *Baird v. Astrue*, 2011 WL 529045 *18 (N.D. Ill. Feb. 3, 2011).

The ALJ also noted that Plaintiff complained of situational stressors at his visits to Dr. Varghese, implying that Plaintiff only had psychological problems when life threw him curve balls. However it is clear that Dr. Varghese specifically evaluated Plaintiff's ability to perform work tasks on a full-time basis and, obviously, Plaintiff would encounter situational stressors while working. Thus, it was well within Dr. Varghese's purview to assess Plaintiff's functional capacity

with his reports of situational stressors in mind.  The record repeatedly reflects that Plaintiff was often agitated and easily frustrated by minor difficulties and minimally stressful situations such as grocery shopping. (AR 387, 414, 1189, 1212, 1216, 1245, 1247, 1278, 1287, 1294, 1331.) That evidence suggests that situational stressors directly contributed to Plaintiff's functional limitations, and that reports of them to his treating psychiatrist only further supported Dr. Varghese's opinion.

Finally, the ALJ found that Dr. Varghese's opinion was inconsistent with Plaintiff's ability to volunteer at the food pantry on a regular basis. Clearly, volunteer work is not the same as full-time employment and cannot be equated to the ability to work full-time. In this instance, Plaintiff could volunteer when he wanted and would not be threatened with termination if his work was not up to his employer's standards. *See Larson v. Astrue*, 615 F.3d 744, 752 (7th Cir. 2010) ("[t]here is a significant difference between being able to work a few hours a week and having the capacity to work full time"). The record clearly shows that Plaintiff had issues with others while volunteering when frustrated and anxious, but was allowed to return to volunteer after walking off.  It is also clear that Plaintiff left for the day every few weeks, even though he had not completed his tasks. (AR 891, 895.)  Plaintiff testified that at his volunteer work he had extra help, was allowed to come and go due to his symptoms, took frequent rest periods due to emotional and physical exertion, had fewer/easier duties than others due to emotional and physical exhaustion, was allowed to produce less work than other workers due to his physical limitations, was given work suited to his condition, and was allowed time off for depression, anxiety, and physical exhaustion. (AR 273.)

Plaintiff noted in November 2018 that he stopped volunteering for a couple weeks to help him calm down and decompress. (AR 1310.) Cindy Bean, food pantry coordinator of Greater

12

Hammond Community Services, stated in October 2016 that Plaintiff was unable to meet his commitments due to his depression and physical issues and Ms. Bean worked around those issues. (AR 869.) This evidence shows that, if anything, Plaintiff was unable to regularly volunteer without his psychiatric symptoms getting in the way and causing attendance and interpersonal issues—conclusions consistent with Dr. Varghese's opinion.

Unfortunately, the ALJ did not comply with this Court's remand order and provided largely the same insufficient reasons, as well as additional inadequate reasons, for declining to adopt Dr. Varghese's opinion. Plaintiff filed his claim on June 4, 2014. (AR 10.) It has now been pending for over six years. An award of benefits is appropriate where all factual issues have been resolved and the "record can yield but one supportable conclusion." *Campbell v. Shalala*, 988 F.2d 741, 744 (7th Cir. 1993); *See also Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 356 (7th Cir. 2005). In *Larson*, 615 F.3d at 749, the Seventh Circuit awarded benefits where the ALJ substituted his opinion for that of a treating psychiatrist. In *Punzio*, 630 F.3d at 710, the Seventh Circuit awarded benefits where the ALJ did not provide good reasons for declining to credit the opinions of a treating specialist. In *Kaminski*, 894 F.3d at 876, the Seventh Circuit awarded benefits as "once the treating physician's opinions [were] given the proper weight, the record compels the conclusion that Kaminski was unable to work and thus was disabled under the relevant statutes and regulations." This Court will award benefits to Plaintiff, as a proper assessment of the record supports that Dr. Varghese's opinion was well-supported and thus should have been afforded controlling weight. *See* 20 C.F.R. Sec. 416.927(c).

It is clear from the record that Plaintiff's psychiatrist, Dr. Varghese, precisely described Plaintiff's limitations in his opinion. Plaintiff is now 58 years old and has never held down a

permanent full-time job. As the record reflects, Plaintiff obviously has serious mental issues that preclude him from participating in the workforce. In sum, he is disabled. One cannot even imagine Plaintiff satisfactorily performing the jobs the VE indicated he could perform (*i.e.*, laundry helper, hospital cleaner, counter supply worker). As the record before this court can only lead to one conclusion, that Dr. Varghese's opinion is entitled to controlling weight and that Plaintiff is disabled, this court will remand to the Commissioner with instructions to award benefits.

Conclusion

On the basis of the foregoing, the Decision of the Commissioner is hereby REVERSED AND REMANDED FOR AN AWARD OF BENEFITS, in accordance with the above Opinion.

Entered: September 11, 2020.

s/ William C.  Lee
William C. Lee, Judge
United States District Court